IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FREDERICK GRAY, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-10-1350-F
 )
JHCC SGT. GREGORY RITTER, *et al.*, )
 )
 Defendants. )

## **REPORT AND RECOMMENDATION**

The undersigned recommends dismissal of the action without prejudice to refiling.

The Court granted pauper status on December 17, 2010, and ordered an initial payment of $10.34 by January 3, 2011. Order Granting Leave to Proceed *in Forma Pauperis* at p. 1 (Dec. 17, 2010); *see* Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1)(A)-(B). This Court warned Mr. Gray "that unless by [January 3, 2011] he has either (1) paid the initial partial filing fee, or (2) shown cause in writing for the failure to pay, this action will be subject to dismissal without prejudice to refiling." Order Granting Leave to Proceed *in Forma Pauperis* at p. 1 (Dec. 17, 2010). To date, however, the Plaintiff has not made the $10.34 payment or demonstrated good cause for his failure to pay.

The record does not reflect any excuse for Mr. Gray's failure to pay. When the action began, Mr. Gray had $24.38 in his institutional accounts[1] and his average monthly deposits

---

[1] Most of these funds were in Mr. Gray's savings account. However, these funds could be used to pay the initial partial filing fee. *See* Okla. Stat. tit. 57 § 549(A)(5); *see also Williams v. Austin*, 890 P.2d 416, 418 (Okla. Ct. App. 1994) ("A prisoner's savings held by the Department of Corrections may be used to pay fees or costs in filing a civil action." (citations omitted)).

to his accounts for the six-month period preceding this action were $51.68. Application to Proceed in District Court Without Prepaying Fees or Costs at 3 (Dec. 14, 2010). Thus, Mr. Gray apparently had the resources to pay the initial installment of $10.34, but chose not to do so. In these circumstances, the Court should dismiss the action without prejudice to the filing of a new suit.[2]

The Plaintiff is advised of his right to object to this report and recommendation by January 31, 2011. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2). If the Plaintiff does object, he must file the objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Plaintiff is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is discharged.

Entered this 12th day of January, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[2] *See Cosby v. Meadors*, 351 F.3d 1324, 1326-33 (10th Cir. 2003) (upholding dismissal of a federal inmate's civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay).