IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FREDERICK GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1350-F |
| | ) | |
| JHCC SGT. GREGORY RITTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Mr. Frederick Gray is a state inmate who has sued various prison officials under 42 U.S.C. § 1983. The Defendants have moved for summary judgment and the Plaintiff has not responded even though his deadline for an objection expired nineteen days ago. The Court should grant the Defendants' motion for summary judgment.

## The Plaintiff's Claims

The present claims include excessive force, failure to provide medical care, violation of the First Amendment, denial of equal protection, and retaliation.

## The Standard for Summary Judgment

The Defendants bear the burden to establish their right to summary judgment. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). Summary judgment is necessary when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the Defendants have satisfied this test, "[t]he court views the record and draws all

favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

In part, the Defendants have sought summary judgment based on nonexhaustion of administrative remedies, which is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that nonexhaustion is an affirmative defense). Thus, the Defendants "must demonstrate that no disputed material fact exists." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citations omitted). If they meet this burden, the Plaintiff would incur a duty to "demonstrate with specificity the existence of a disputed material fact." *Id.* If the Plaintiff fails to satisfy this duty, the Defendants would be entitled to summary judgment on the affirmative defense of nonexhaustion. *See id.*

The Exhaustion Requirement
<u>and the Available Procedures</u>

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006).

Under the administrative process for Oklahoma prisoners, the aggrieved person should ordinarily attempt to informally resolve the matter with a staff member and, if dissatisfied, file a request to staff. *See* Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Attachment 14 (May 20, 2011)

(OP-090124 at pp. 5-6 (eff. Sept. 8, 2009)). The inmate can bypass these steps only if the complaint involves a "sensitive" topic or an emergency. *See id.* (OP-090124 at pp. 12-13 (eff. Sept. 8, 2009)).

The prisoner can file a grievance if: (1) he is dissatisfied with the response to his request to staff, or (2) he can show that the complaint is sensitive or involves an emergency. *See id.* (OP-090124 at pp. 6-8 (eff. Sept. 8, 2009)). If the inmate remains dissatisfied, he can appeal to the administrative review authority or the chief medical officer. *See id.* (OP-090124 at pp. 9-10 (eff. Sept. 8, 2009)). At that point, the administrative process would be complete. *See id.* (OP-090124 at p. 12 (eff. Sept. 8, 2009)).

The Plaintiff's Failure to Complete the Administrative Process

The Plaintiff filed requests to staff and a grievance. But these filings did not complete the administrative process.

I. The Filing of Requests to Staff

With the complaint, Mr. Gray attached seven requests to staff. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Exhibits 1, 3-5, 7-9 (Dec. 14, 2010). But the filing of a request to staff is only one step in a multi-layered process. *See supra* pp. 2-3. Thus, the submission of the requests to staff would not have satisfied the exhaustion requirement.[1]

---

[1] *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (holding that an inmate who starts the administrative process, but fails to complete it, has not properly exhausted administrative remedies); *see also Holden v. Dinwiddie*, 343 Fed. Appx. 297, 299 (10th Cir. Aug. 13, 2009) (unpublished op.) (holding that submission of a request to staff, which goes unanswered, does not constitute exhaustion of the Oklahoma Department of Corrections administrative process).

II.   The Filing of a Grievance Labeled as "Sensitive/Emergency"

The Plaintiff filed a grievance under the procedure for emergencies and sensitive subjects. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Exhibits 2, 6 (Dec. 14, 2010); *see supra* pp. 2-3. According to Mr. Gray, he did not receive an answer and filed another grievance with a label indicating an "emergency" or "sensitive" subject. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Exhibit 6 (Dec. 14, 2010). With this label, Mr. Gray presumably hoped to bypass the requirement for informal resolution or a request to staff. *See supra* pp. 2-3. But the warden's designee returned the grievance on grounds that the complaint did not involve an emergency or sensitive subject. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Exhibit 6(b) (Dec. 14, 2010). The designee added that under the policy, Mr. Gray needed to proceed under the standard grievance process, which would have involved informal resolution and filing a request to staff if dissatisfied with the result.[2] But Mr. Gray did not follow this admonition to utilize the standard grievance process on his present claims, and that failure is fatal on the issue of exhaustion. *See supra* note 1 (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). Mr. Gray "may believe that prison officials erred in deciding his issues were not emergencies, but that does not mean that he can simply ignore their determination and opt out of the grievance procedure." *Brewer v. Mullin*, 130 Fed. Appx. 264, 265-66 (10th Cir. Apr. 27, 2005) (unpublished op.).

---

[2]   Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Exhibit 6(b); Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Attachment 14 (May 20, 2011) (OP-090124 at p. 13 (eff. Sept. 8, 2009)); *see also supra* pp. 2-3.

III.  The Absence of an Administrative Appeal

The summary judgment record does not include any evidence of a grievance appeal, the final stage in the administrative process. *See supra* p. 3. Without an administrative appeal, Mr. Gray has not exhausted any of his present claims.[3]

## Notice of the Right to Object

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by August 18, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested ruling.[4]

## Status of the Referral

The present report discharges the referral.

Entered this 1st day of August, 2011.

/s/ Robert E. Bacharach
Robert E. Bacharach
United States Magistrate Judge

---

[3] *See Jackson v. Workman*, 391 Fed. Appx. 724, 725 (10th Cir. Aug. 13, 2010) (unpublished op.) (holding that the plaintiff failed to exhaust administrative remedies when the defendants' affidavits had attested to the absence of a grievance appeal on the eventual claims), *cert. denied*, __ U.S. __, 131 S. Ct. 669 (2010).

[4] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").